UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANDY J. BATTISTA,<br>    Plaintiff,<br><br>vs.<br><br>DUANE MACEACHERN, Deputy Super-<br>intendent of Operations; and<br>DAVID LEONARD, Property Officer,<br>sued in her their individual and<br>official capacities,<br>    Defendant's. | CIVIL ACTION<br>NO# |

## VERIFIED COMPLAINT

Plaintiff, Sandy J. Battista, a involuntarily civilly committed resident at the Mass. Treatment Center, committed under G.L. Ch.123A, §14(d) as amended St.1999, states:

INTRODUCTION:

This is an action in the nature of certiorari pursuant to G.L. Ch.249, §4, for declaratory judgment pursuant to 28 U.S.C. §§2201-02, and for damages pursuant to 42 U.S.C. §1983, alleging the unconstitutional censorship of non-sexually explicit commercial publication ("Mens Fitness Magazine"), in violation of Massachusetts and Federal Law, as well as Department of Correction regulations.

JURISDICTION AND VENUE:

1) This Court has jurisdiction over this action under 28 U.S.C. §§1331-32 and 1343. The matters in controversy arise under 42 U.S.C. §1983.

2) Venue properly lies in this District pursuant to 28

U.S.C. §1391(b)(2), because the events giving rise to this action occurred at the Mass. Treatment Center("MTC"), in Bridgewater, Massachusetts, which is located in the Eastern District of Massachusetts.

3) This Court has supplemental jurisdiction over the plaintiff's state law certiorari claims under 28 U.S.C. §1367.

PARTIES:

4) Plaintiff, Sandy J. Battista("Battista"), is and was at all times relevant to this Complaint a citizen of the United States and of the Commonwealth of Massachusetts. Involuntarily civilly committed to the MTC under G.L. Ch.123A, §-14(d), as amended St.1999, in the care and custody of the Mass. Department of Correction("DOC"). Plaintiff Battista sues in her own behalf.

5) Defendant, Duane MacEachern("MacEachern"), is and was at all times relevant to this Complaint the Deputy Superintendent of Operations at the MTC, employed by the DOC. At all times relevant to this Complaint defendant MacEachern has acted under color of state law, and is sued in his individual and official capacities.

6) Defendant, David Leonard("Leonard"), is and was at all times relevant to this Complaint the Property Office at the MTC, employed by the DOC. At all times relevant to this Complaint defendant Leonard has acted under color of state law, and is sued in his individual and official capacities.

STATEMENT OF FACTS:

7) In or about July, 2003, plaintiff Battista purchased

-3-

a subscription to "Mens Fitness Magazine" at her own expense. Exhibit-1. ("Ex.-    ").

8) On 2/10/04, defendant MacEachern deemed plaintiff Battista's April issue of Mens Fitness Magazine as being "contraband." Ex.-2.

9) Defendant MacEachern alleged that pages 85, 90 & 133 of the publication in question contained "nudity," and therefore, was not authorized under current policy. Id.

10) On 2/11/04, plaintiff Battista submitted her appeal of defendant MacEachern's findings to the Superintendent of the MTC. Ex.-3.

11) In her appeal, plaintiff Battista claimed that, under current mail policy, publications containing "nudity" illustrative of "medical, educational, or anthropological content may be excluded from the definition of 'nudity,'" and further requested, per policy, for an opportunity to view the material in question in the presence of an officer, in order to know in what regard to base her appeal from. Id.

12) Plaintiff Battista requested that the Superintendent STAY any decision on her appeal pending an opportunity to view said material, in order to better base her appeal from. Id.

13) On 2/19/04, defendant MacEachern denied plaintiff Battista's appeal, and her request to view the material in question deemed "nudity," prior to any decision by the Superintendent. Ex.-4.

13) In his decision, defendant MacEachern alleged that "the publication in question contains material that is not

-4-

suitable to the goals of treatment at this facility." Id.

14) Upon such appeal being denied, in accordance with policy, plaintiff Battista was required to dispose of the publication in question, by either having same "destroyed, picked up by a visitor, or mailed out of the institution at her own expense."

15) Defendant Leonard is charged with the responsibility of ensuring the disposal of resident contraband.

16) On 2/23/04, plaintiff Battista submitted her request to defendant Leonard to have the publication in question "mailed" to her sister's house at her own expense.

17) Plaintiff Battista informed defendant Leonard that she had a time limit for filing her certiorari claim from the denial of her appeal, and requested that he ensure the disposal was processed promptly.

18) On 3/11/04, disbursement of funds from plaintiff Battista's personal account for postage to mail out the publication in question was confirmed. Ex.-5.

19) On or about 3/24/04, during a routine scheduled property access, plaintiff Battista requested upon defendant Leonard as to whether the publication in question was mailed out of the institution or not, as her sister has informed her that she hasn't received same yet as of date.

20) Defendant Leonard informed plaintiff Battista that allegedly the publication in question was mailed out of the facility on 3/15/04, that if she had a problem with the mail to write her concerns to the mail officer.

21) On 4/7/04, plaintiff Battista wrote the mail officer of her concerns that the publication in question was missing, as her sister has not yet received same. Ex.-6.

22) The mail officer informed plaintiff Battista that "they do not keep records of outgoing mail." Id.

23) Defendant MacEachern arbitrarily mis-applied the administrative definition of "nudity" to the publication in question, and further denied plaintiff Battista an opportunity to view the material in question, and lacked the authority administratively to review upon appeal his own decisions.

24) Defendant Leonard arbitrarily failed in his duties to ensure the proper disposal of the publication in question, and further, upon information and belief, discarded the publication in question, knowing that plaintiff Battista needed same for her judicial intervention.

CLAIMS FOR RELIEF:

I) The actions of the defendant's violated the plaintiff's due process rights as established by 103 CMR 481.00 et seq., which are the Mail regulations of the DOC. These regulations are promulgated pursuant to the state Administrative Procedure Act and have the force of law. These regulations are attached to this Complaint as Ex.-7.(Due to internal policy forbidding complete copies of regulations, only those portions of these regulations at issue are attached herein).

II) The actions of the defendant's violated the plaintiff's due process rights as guaranteed by the Massachusetts Declaration of Rights.

III) The actions of the defendant's violated the plaintiff's due process rights as guaranteed by the United States Constitution.

IV) The actions of the defendant's, who are state officials acting under color of state law, violated 42 U.S.C. §1983.

V) The actions of the defendant's have failed to comply with administrative regulations, failing to interpret them in a consistent and logical manner warranting review pursuant to G.L. Ch.30A, §14.

PRAYERS FOR RELIEF:

WHEREFORE, the plaintiff respectfully requests this Court grant the following relief:

a) Review by action in the nature of certiorari and correct ant errors in the administrative actions of the defendant's against the plaintiff;

b) Declare that the actions of the defendant's violated the laws of the Commonwealth of Massachusetts, the Massachusetts Declaration of Rights, and the Constitution of the United States;

c) Enjoin defendant's to expunge the above-related notice of disapproved publication, and any and all references therefrom, from the plaintiff's institutional records, including the DOC records, and to immediately allow plaintiff a back-issue of the publication at question;

d) Enjoin defendant's to ensure in the future that a record is kept verifying and providing proof of any and all such publications/contraband being mailed out of the facility

is adopted;

    e) Grant damages to the plaintiff, and her costs and interest incurred in this action pursuant to 42 U.S.C. §1983; and

    f) Grant such other and further relief as this Court deems just and proper.


Dated: 4/12/04.                  Respectfully submitted,

                                              _____
                                              Sandy J. Battista, #M-15930
                                              Plaintiff/Pro-se
                                              Mass. Treatment Center
                                              30 Administration Rd.
                                              Bridgewater, Mass. 02324


## CERTIFICATE OF VERIFICATION

    I, Sandy J. Battista, the undersigned, hereby verify that all of the facts and information contained herein is true and accurate to the best of my personal knowledge and belief, except as to those matters alleged upon information and belief, and as to those matters I believe them to be true and accurate.

    Signed under the pains and penalties of perjury this 12th day of April, 2004.


                                              _____
                                              Sandy J. Battista, #M-15930
                                              Plaintiff/Pro-se