```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

SANDY J. BATTISTA,             )
          Plaintiff,           )
                               )
     v.                        )   C.A. No. 04-10779-DPW
                               )
DUANE MACEACHERN, et al.,      )
          Defendants.          )
```

ORDER ON MOTION FOR RECONSIDERATION

On April 26, 2004, I denied plaintiff's application to proceed without prepayment of fees because I determined that she had sufficient funds to pay the $150.00 filing fee.  See Docket No. 3.  Plaintiff has filed a motion seeking reconsideration of that determination, or in the alternative, to allow her to make a "partial payment" of $25.00.  Battista repeats many of the assertions she made in her initial application, such as her claim that another judicial officer previously granted her application in a different action, but also claims that because she has four other actions pending in this Court, paying the filing fee in this and the other actions would "completely deplete" her funds.

Under Federal Rule of Federal Procedure 59, a party may seek reconsideration of a court's decision to correct manifest errors of law or fact, present newly discovered evidence, or apprise the court of an intervening change in the law.  Fed. R. Civ. P. 59(e) (motion to alter or amend judgment).  A party may not use a Rule 59(e) motion

to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court.  <u>Aybar, et al. v. Crispin-Reyes</u>, 118 F.3d 10, 16 (1st Cir. 1997) (citations omitted); <u>accord</u> <u>FDIC v. World Univ., Inc.</u>, 978 F.2d 10, 16 (1st Cir. 1992) (citations omitted) (parties may not use Rule 59(e) motions to "raise arguments which could, and should, have been made before judgment issued.").

After carefully reviewing plaintiff's motion, I find that none of her arguments is persuasive.  The decision to grant or deny a fee waiver application is within the discretion of the district court. <u>Rowland v. California Men's Colony</u>, 506 U.S. 194, 217-218 (1993) (§ 1915 gives courts discretion with respect to granting <u>in forma pauperis</u> status).  That another judicial officer previously granted her application or that she may have to pay the filing fee in four other actions, does not change my determination that plaintiff has sufficient funds to pay the filing fee in this instance.[1]  <u>Weller v. Dickson</u>, 314 F.2d 598, 600 (9th Cir. 1963) (benefit of proceeding <u>in forma pauperis</u> is granted as a

---

[1] I note, as an aside, that in at least one of these four actions, plaintiff's application to proceed without prepayment of fees also was denied but the action was dismissed as lacking any legal merit without an order directing plaintiff to pay the filing fee.  <u>See</u> <u>Battista v. Commonwealth</u>, C.A. No. 04-10378-RGS (dismissing complaint challenging sexual predator statute under Eleventh Amendment and favorable termination rule of <u>Heck</u>).

privilege and not as a matter of right); cf. Holmes v. Hardy, 852 F.2d 151, 154 (5th Cir. 1988) (federal courts should re-determine whether litigant qualifies for in forma pauperis status each time a new petition is filed).

The Prisoner Litigation Reform Act ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996), amended the in forma pauperis statute to require prisoner-litigants to pay the entire filing fee in full, but allowed them to pay the filing fee in installments based on the funds in their prison accounts.  See 28 U.S.C. § 1915(b)(1), (2).  No court has addressed whether, under Section 1915, as amended by the PLRA, a court may allow a non-prisoner to pay the filing fee in installments.  At least one court of appeals has held prior to the amendments that such an installment plan is not authorized for non-prisoners.  Caldwell v. United States, 682 F.2d 142, 143 (7th Cir. 1982) (no authority for "pay as you go" plan under § 1915(a)).  Because it is unclear whether installment plans are authorized by Section 1915 for non-prisoners, and because I believe plaintiff has sufficient funds to pay the filing fee, I also deny plaintiff's motion, in the alternative, to pay an initial partial payment of $25.00.

ACCORDINGLY, plaintiff shall pay the filing fee for this action within 35 days of the date of this Order or this action

will be dismissed without prejudice.

SO ORDERED.

Dated at Boston, Massachusetts, this 25th day of May, 2004.

s/ Douglas P. Woodlock  
DOUGLAS P. WOODLOCK  
UNITED STATES DISTRICT JUDGE